UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DERRICK O. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No: 1:07-CV-235-PPS-RBC |
| | ) | |
| STATE OF INDIANA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 30] filed by Defendant State of Indiana. Plaintiff Derrick O. Martin claims that he was roughed up when he was arrested and that his jailers at the Allen County Jail intentionally injured him and then taunted him with racial slurs. He has sued a rash of individuals and entities including the City of Fort Wayne, the arresting officers, the correctional officers and the State of Indiana all under 42 U.S.C. § 1983. He has even sued "Bodo" – the police dog involved in his arrest. He seeks $5.5 million in damages. According to the Complaint, the claim against the State of Indiana relates to its revocation of Martin's license. This latter claim is the only one at issue in the present motion.

The Eleventh Amendment to the United States Constitution bars private suits for money damages against states in federal court. The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. CONST. amend. XI. This Amendment ultimately guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). This

immunity may be abrogated by Congress when Congress "both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'"  *Garrett*, 531 U.S. at 363 (quoting *Kimel*, 528 U.S. at 73).  Absent waiver or consent, the Eleventh Amendment bars suit against a state or one of its instrumentalities in federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Cannon v. Univ. of Health Sciences/Chicago Medical Sch.*, 710 F.2d 351 (7th Cir. 1983); *Burr v. Duckworth*, 547 F. Supp. 192, 193 (N.D. Ind. 1982).

In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989), the Supreme Court held that Congress did not intend for Section 1983 to disturb states' Eleventh Amendment immunity.  The Court stated, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Accordingly, the State of Indiana is not a "person" liable for damages under 42 U.S.C. § 1983.  Moreover, because the State of Indiana has neither consented to this suit nor waived its immunity and because Congress has not abrogated the States' sovereign immunity for this type of claim, the Eleventh Amendment precludes the Court from exercising jurisdiction.

Defendant's motion to dismiss [DE 30] is **GRANTED**, and Martin's federal claims against the State of Indiana are **DISMISSED WITH PREJUDICE**.  However, Martin's state-law claims against the State of Indiana are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED:  February 27, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

2