UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DERRICK O. MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:07-cv-235 |
| | ) |
| **STATE OF INDIANA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Before the Court are two motions (Docket # 6, 9) filed by *pro se* Plaintiff Derrick Martin asking, in the words of 28 U.S.C. § 1915(e)(1), that this Court "request an attorney" to represent him in this 42 U.S.C. § 1983 case. Because Martin's case is not a difficult one and since he is competent to litigate it, the motions will be DENIED.

**LEGAL STANDARD**

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655; *see also Hammer v. Ashcroft*, 512 F.3d 961, 971 (7th Cir.

2008).  The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655; *see also Hammer*, 512 F.3d at 971.  Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted); *see also Hammer*, 512 F.3d at 971.

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655.  And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*.  Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant circumstances, it is evident that Martin is competent to represent himself in this case.  To explain, this suit is a relatively straightforward § 1983 action, as Martin claims that he was roughed up when he was arrested and that the officers at the Allen County Jail intentionally taunted him with racial slurs and caused him injury. (Compl. ¶¶ 1-4.)  Thus, the first factor – the difficulty of his claims – cuts against Martin's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Martin has already filed competent briefs in this case, adequately articulated his

claims, sought relief through various motion, and responded to several of Defendants' motions. (*See, e.g.*, Docket # 1-3, 43, 47-49, 54.)  Moreover, at the time he filed his complaint, Martin worked at Dana Corporation (*see* Docket # 2), so it can be inferred that he is literate and has reasonably good communication skills, as least at a sufficient level to maintain that employment. He is not presently incarcerated and thus has the freedom to perform his own research. Moreover, the facts of the case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable.  As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Martin appears quite competent to adequately handle the litigation of this relatively simple § 1983 case.  Consequently, his motions asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's two motions requesting the appointment of counsel (Docket # 6, 9) are DENIED.  Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 28th day of February, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge