### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **DERRICK O. MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CAUSE NO. 1:07-cv-235** |
| | ) |
| **STATE OF INDIANA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### <u>OPINION AND ORDER</u>

Before the Court is a third motion (Docket # 73) filed by *pro se* Plaintiff Derrick Martin

asking, once again, that the Court recruit an attorney to represent him in this 42 U.S.C. § 1983

case.  The Court denied Martin's first two motions (Docket ## 6, 9) on February 28, 2008.

(Docket # 65.)  Since then, Martin has filed an objection to the Court's ruling (Docket # 68) (a

matter Judge Simon will likely address under Federal Rule of Civil Procedure 72(a)), as well as

the current motion.[1]  The thrust of the most recent motion is Martin's observation that he is at a

disadvantage since he is up against "legal trained attorneys" and has "no experience with the

federal arena." [2]  (Docket # 73.)

Fundamentally, however, after considering the record and Martin's comments at the

hearing, the Court is left with the observation, first made in the February 28, 2008, Opinion and

Order and hardly changed by events in the interim, that this is not a difficult case and Martin is

---

[1] At a scheduling conference held on March 26, 2008, Martin once again requested that the Court appoint him counsel.

[2] Actually, Martin does have some limited federal court experience as he represented himself for about six weeks here in an employment discrimination case, *Martin v. Dana Corp.*, 3:98 cv 370 until he was able to secure counsel.

competent to litigate it.  Consequently, the motion will be DENIED.

## LEGAL STANDARD

As the Court reinforced at the scheduling conference, Martin has no constitutional or statutory right to counsel in a civil case and it is within the discretion of the Court whether *pro bono* counsel should be recruited.  *Pruitt v. Mote*, 503 F.3d 647, 649, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).

Moreover, the Court is not under a recurrent obligation to consider this question. *Pruitt*, 503 F.3d at 656.  And to the extent Martin is asking for a reconsideration of the prior ruling, "a court ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination."  *Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (internal quotation marks and citations omitted).

Nevertheless, as was observed in the February 28, 2008, Opinion and Order, the decision to recruit counsel comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."  *Pruitt*, 503 F.3d at 655; *see also Hammer v. Ashcroft*, 512 F.3d 961, 971 (7th Cir. 2008).  The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself."  *Pruitt*, 503 F.3d at 655; *see also Hammer*, 512 F.3d at 971.  Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655

(emphasis omitted); *see also Hammer*, 512 F.3d at 971.

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655.  If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant.  *Id.*  Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question."  *Id.*

## ANALYSIS

In essence, the claim brought by Martin appears to be a relatively straightforward § 1983 action, as Martin primarily claims that he was subjected to excessive force and accompanying racial slurs by police officers.  (Compl. ¶¶ 1-4.)  Martin is competent to proceed with discovery and trial in such a simple case.  *See, e.g., Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987). Martin also seems to think that he should be appointed an attorney because an attorney can present his case more effectively than he can.  As the Seventh Circuit has observed, however, Martin's suggestion is not the test, and that "[r]ather, the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt*, 503 F.3d at 655.  Martin does not satisfy that test, and certainly, upon reconsideration, has failed to show that there was a manifest error of law in the February 28, 2008, Opinion and Order.  *Tyrer*, 516 F.3d at 663.

Indeed, Martin has already filed competent briefs in this case, adequately articulated his claims, sought relief through various motions, responded to several of Defendants' motions, and submitted Rule 72(a) objections.  (*See, e.g.*, Docket ## 1-3, 43, 47-49, 54, 68.)  Moreover, having now discussed the status of the case with Martin on March 26, 2008, it is apparent that he

3

has  reasonably good communication skills, and in looking at his proposed schedule (Docket #

72) he has already zeroed-in, at paragraph three, on some arguably relevant discovery.  Since

Martin is neither employed nor incarcerated, he has both the time and freedom to conduct both

factual and legal research.  Moreover, Martin already has substantial knowledge concerning

many of the facts of the case, so in keeping with what he has identified as potential discovery

targets, he will only need to conduct some limited discovery to prepare his case.

Therefore, since neither factor suggests that the Court should be put to the task of

recruiting counsel for Martin, his third motion to appoint counsel will be denied.

## CONCLUSION

For the reasons stated herein, Martin's motion requesting the appointment of counsel

(Docket # 73) is DENIED and any request to reconsider the February 28, 2008, denial of counsel

is likewise DENIED.  Martin, of course, remains free to attempt to secure counsel on his own.[3]

Enter for this 26th day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[3]Martin maintains that he has contacted a number of attorneys who have refused to take his case and many who required a retainer.  As Martin was informed at the March 26, 2008, hearing, however, there are attorneys in Fort Wayne who would likely consider taking his case on a contingent fee basis.  Of course, perhaps the denials that Martin is experiencing has something to do with the merits of his case.