UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DERRICK O. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No: 1:07-CV-235-PPS-RBC |
| | ) | |
| STATE OF INDIANA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Derrick O. Martin seeks reconsideration of this Court's ruling on February 27, 2008 [DE 65]. (*See* DE 68.) Specifically, Martin objects to the fact that the State of Indiana was dismissed as a defendant in this case and asserts that the Court erroneously described his "encounter with the Fort Wayne police department as being 'Roughed up.'"[1]

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration are not "vehicles for 'rehashing previously rejected arguments or arguing matters

---

[1] Martin also contends that he is entitled to a two day jury trial and asserts that Bodo (a police dog) should remain as a defendant. Martin also objects to the Court's ruling that he is not entitled to court-appointed counsel and objects to the fact that Magistrate Judge Consent Forms were sent to the parties. Magistrate Judge Roger B. Cosbey dealt with these objections in an order dated March 26, 2008 [DE 75].

that could have been heard during the pendency of the previous motion.'" *Gaskin v. Sharp Elecs. Corp.*, No. 2:05-cv-303, 2007 WL 2746876, *2 (N.D. Ind. Sept. 18, 2007) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). The disposition of a motion for reconsideration is left to the discretion of the district court. *Billups v. Methodist Hosp. of Chicago*, 922 F.2d 1300, 1305 (7th Cir. 1991).

Reconsideration is not warranted here. Martin has failed to point to any change in the law or facts, and there is no allegation that the Court made a decision outside the adversarial issues presented to the Court by the parties. Based on the following statements by Martin, the Court infers that Martin seeks reconsideration on the grounds that the Court patently misunderstood the seriousness of Martin's allegations and that the Court made an error not of reasoning but of apprehension:

> the state should remain as a defendant, [*sic*] If Rodney King can sue a state for circumstances I believe are similar, I should be able to do so also. . . .
>
> And the miscommunication of myself to explain the seriousness of the situation, because in the courts [*sic*] analysis the court describes my encounter with the Fort Wayne police department as being "**Roughed up**." When I, Derrick O Martin, view it as assault and Battery, excessive force, and unconstitutional in the worst way. . . .

(Martin's Objections [DE 68] at 1-3 (emphasis in original).)

The only issue before the Court was whether the State of Indiana should be dismissed as a defendant. I did not misunderstand or misapprehend the issues. The Court analyzed Martin's request for injunctive relief under the Eleventh Amendment and determined that because the State of Indiana is not a "person" liable for damages under 42 U.S.C. § 1983, because the State of Indiana has neither consented to this suit nor waived its immunity, and because Congress has not abrogated the State's sovereign immunity for this type of claim, the Eleventh Amendment

precluded the Court from exercising jurisdiction.  Furthermore, by stating that Martin was "roughed up" by the defendants in this case, I did not intend to diminish the seriousness of, or trivialize, Martin's allegations.  In any event, my description or perception of the events at issue had no impact on the legal analysis of this straightforward issue under the Eleventh Amendment.

## CONCLUSION

Because Martin has failed to demonstrate that the Court misunderstood or misapprehended the issues and because Martin's objections simply rehash the arguments already presented to – and previously rejected by – the Court, the motion [DE 68] is **DENIED**.

**SO ORDERED**.

ENTERED:  April 23, 2008

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT